IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | D. C. Case No. CR-02-79-S-BLW |
| | ) | Ninth Circuit Case No.  05-30476 |
| v. | ) | |
| | ) | **ORDER RE: CERTIFICATE** |
| JOSHUA LEO VESLEY, | ) | **OF APPEALABILITY** |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

This Court previously denied Defendant's Motion for Modification of an

Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c) (Docket No.

1041) which the Court had construed as a Motion Pursuant to 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence.  Defendant subsequently filed a Notice of

Appeal (Docket No. 1050) which the Court inadvertently failed to treat as a

Request for Certificate of Appealability.  The Ninth Circuit thereafter remanded

the case to this Court for the limited purpose of granting or denying a certificate of

appealability.  Docket No. 1083.  Having considered the request and the record in

this case, the Court enters the following Order.

**ORDER RE: CERTIFICATE OF APPEALABILITY - 1**

## CERTIFICATE OF APPEALABILITY

A defendant cannot appeal from the denial or dismissal of a proceeding under 28 U.S.C. § 2255 unless he has first obtained a certificate of appealability (COA).  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA will issue only when a defendant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A defendant satisfies this standard by demonstrating that reasonable jurists would find debatable both the merits of the constitutional claims and any dispositive procedural rulings by the district court.  *Miller-El v. Cockrell*, 537 U.S. at 336.

In this case, the Court concluded that Defendant's claim that his sentence was unconstitutional based on *United States v. Booker*, 125 S. Ct. 738 (2005), failed on the merits.  *See* Docket No. 1049. This decision is amply supported by case law and is not reasonably debatable.  After entry of the Order, the Ninth Circuit Court of Appeals specifically held that *"Booker* is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker*'s publication."  *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005).  Defendant's conviction became final on April 7, 2003, the date when the time for filing an appeal had passed and almost two years before the *Booker*

**ORDER RE: CERTIFICATE OF APPEALABILITY - 2**

decision was published. Accordingly, Defendant has not made a substantial

showing of the denial of a constitutional right, and the request for a COA will be

denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Request

for Certificate of Appealability (Docket No. 1050) is DENIED.  The Clerk of

Court is ordered to forward a copy of this Order to the Ninth Circuit Court of

Appeals.



DATED:  **February 8, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER RE: CERTIFICATE OF APPEALABILITY - 3**